**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re SitusAMC Holdings Corporation Data Breach Litigation* | Case No.: 1:25-cv-9748 Hon. Lewis J. Liman |

**SETTLEMENT AGREEMENT**

This Settlement Agreement[1] is entered into between Plaintiffs, on behalf of themselves and the Settlement Class, on the one hand, and Defendant SitusAMC Holdings Corporation, on the other hand. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order and Judgment entered by the Court.

**I.      Procedural History**

1.      Defendant provides, among other things, technology, data, and advisory services to the real estate finance industry. In the course of providing these services, Defendant receives loan file information from its clients, which in some instances includes Personal Information.

2.      On or about November 12, 2025, Defendant discovered that it had been the victim of the Data Incident, which involved the unauthorized access and exfiltration of certain information, including Personal Information, from Defendant's systems.

3.      On November 24, 2025, plaintiff Armen Kelechian initiated the first-filed action against Defendant in this Court. Thereafter, Defendant was named in six additional related putative class actions arising out of the Data Incident.

4.      On December 19, 2025, the Court consolidated the actions and appointed Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC as Interim Co-Lead

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II herein.

Class Counsel for Plaintiffs, and Courtney Maccarone of Kopelowitz Ostrow, P.A., Jessica Wilkes of Federman Sherwood, Andrew Fuller of Cotchett Pitre & McCarthy, LLP, Leanna A. Loginov of Shamis & Gentile, and Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP as members of an Executive Committee for Plaintiffs.

5.    On January 19, 2026, Plaintiffs filed a Consolidated Class Action Complaint, ECF 26. On March 16, 2026, Plaintiffs filed an Amended Consolidated Class Action Complaint, ECF 47 (i.e., the Complaint) asserting claims for negligence, negligence *per se*, breach of third-party beneficiary contract, unjust enrichment, declaratory judgment and violations of the California Consumer Privacy Act and the California Consumer Records Act.

6.    The Parties thereafter engaged in settlement discussions. Plaintiffs' counsel consulted with liability and damage experts, and the Parties exchanged informal discovery, including information that allowed Plaintiffs' counsel to assess the nature and scope of the Data Incident. The Parties agreed to mediation and exchanged mediation statements.

7.    On April 16, 2026, the Parties participated in an in-person mediation in New York, New York before Marc. E. Isserles, Esq. of JAMS.

8.    Following a full day of arms-length negotiations, the Parties reached an agreement in principle on the material terms of a classwide settlement. The Parties thereafter advised the Court of the settlement, and the Court stayed all deadlines pending preliminary approval of the settlement.

9.    The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, on the terms set forth in this Agreement. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the Data Incident and the allegations made in the Complaint, and to avoid the uncertainty, distraction, burden,

expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability and any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to, among other things, bind Plaintiffs, Defendant, and all Settlement Class Members.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.      **Definitions**

10.      "**Action**" means the above-styled consolidated litigation, *In re SitusAMC Holdings Corporation Data Breach Litigation*, Case No. 1:25-cv-09748, pending in the United States District Court for the Southern District of New York.

11.      "**Agreement**" or "**Settlement**" or "**Settlement Agreement**" means this agreement between Plaintiffs and Defendant, and all exhibits hereto.

12.      "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application for fees and costs for Class Counsel, and Service Awards for the Class Representatives,

3

which shall be filed along with the Motion for Final Approval.  The Application for Attorneys' Fees, Costs, and Service Awards shall be filed ninety-five (95) days after Preliminary Approval.

13.     "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement.  The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which shall be filed with the Motion for Final Approval.

14.     "**California Settlement Subclass**" means those Settlement Class Members who resided in California between November 12, 2025 and November 22, 2025.

15.     "**California Settlement Subclass Member**" means any member of the California Settlement Subclass.

16.     "**California Statutory Payment**" means the $50 cash payment that California Settlement Subclass Members may elect to claim under Section V herein.  The amount of this payment is subject to a *pro rata* downward adjustment depending on the number of Valid Claims.

17.     "**Cash Payment**" means the cash compensation consisting of (a) Cash Payment A – Documented Losses, (b) Cash Payment B – Flat Cash, and/or (c) California Statutory Payment that Settlement Class Members may elect to claim under Section V herein.

18.     "**Cash Payment A – Documented Losses**" means the cash compensation consisting of a maximum of $5,000 per Settlement Class Member that Settlement Class Members who incurred documented losses may elect to claim under Section V herein.

19.     "**Cash Payment B – Flat Cash**" means the cash compensation in the estimated amount of $75 that Settlement Class Members may elect to claim pursuant to Section V herein. The amount of this payment is subject to a *pro rata* adjustment depending on the number of Valid Claims.

20.     "**Claim**" means the submission of a Claim Form by a Claimant.

21.     "**Claim Form**" means the proof of claim, substantially in the form attached hereto as *Exhibit 1*, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator and which Claimants must use to submit a Claim for Cash Payments.

22.     "**Claim Form Deadline**" means the deadline by which a Claim Form must be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for Cash Payments.  Claim Forms submitted after the Claim Form Deadline will not be timely, will not qualify for approval, and will be rejected, unless any untimely submission is either allowed by both Parties or allowed by the Court.  The Claim Form Deadline shall be set by the Court in the Preliminary Approval Order and shall be one hundred and thirty (130) days after the Court enters the Preliminary Approval Order.

23.     "**Claimant**" means a Settlement Class Member who submits a Claim Form.

24.     "**Claims Process**" means the process by which Claimants may submit Claim Forms to the Settlement Administrator, including the procedure to approve or reject Claims.

25.     "**Class Counsel**" means Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC.

26.     "**Class List**" means the list of the approximately 662,796 individuals in the Settlement Class.  Defendant shall provide the Class List to the Settlement Administrator to be used for the provision of Notice within ten (10) days of Preliminary Approval.

27.     "**Class Representatives**" mean the Plaintiffs who are approved by the Court to serve as representatives of the Settlement Class.

28.     "**Complaint**" means the Amended Consolidated Class Action Complaint, ECF No. 47, filed in the Action on March 16, 2026.

29.     "**Court**" means the United States District Court for the Southern District of New York and the Judge(s) assigned to the Action.

30.     "**Credit Monitoring**" means the one year of CyEx Financial Shield Complete with one-bureau credit monitoring provided through the Settlement, an enroll code for which Settlement Class Members will automatically receive on their individualized Postcard Notice.

31.     "**Data Incident**" means the data security incident that is the subject of the Complaint in which an unauthorized actor accessed and exfiltrated certain information, including Personal Information, from Defendant's systems between November 12, 2025, and November 22, 2025.

32.     "**Defendant**" means SitusAMC Holdings Corporation, the defendant in the Action.

33.     "**Defendant's Counsel**" means Kristine M. Brown and Donald M. Houser of Alston & Bird LLP.

34.     "**Effective Date**" means the first business day after all of the following conditions have occurred: (a) the Parties execute this Agreement; (b) the Court enters the Preliminary Approval Order without material change to the Parties agreed-upon proposed Preliminary Approval Order attached as ***Exhibit 2***; (c) Notice is provided to the Settlement Class in accordance with the Notice Program and Preliminary Approval Order; (d) the Court enters a Final Approval Order and Judgment consistent with the requirements of Paragraph 38; and (e) the Final Approval Order and Judgment becomes final because (i) the time for appeal, petition, rehearing, or other review has expired; or (ii) if any appeal, petition, or request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change, or the appeal is dismissed or otherwise disposed of, and no other appeal, petition, rehearing, or other review is pending, and the time for further appeals, petitions, and requests for rehearing or other review has

expired.

35.    "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in this Agreement.

36.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters a Final Approval Order and Judgment.

37.    "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

38.    "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, (a) finally approves the Agreement without material change; (b) finally certifies the Settlement Class for settlement purposes only; (c) dismisses all claims in the Action with prejudice; (d) releases the Released Parties from the Released Claims as set forth herein; (e) bars and enjoins the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment; (f) includes as an exhibit a list of individuals who timely and validly opted out of the Settlement; (g) satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects; and (h) is in the form of or materially in the form of the proposed Final Approval Order and Judgment attached as *Exhibit 3*.

39.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as *Exhibit 4*, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

40.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel

shall file with the Court seeking Final Approval of the Settlement, including Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

41.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

42.    "**Net Settlement Fund**" means the funds remaining in the Settlement Fund after the payment of Settlement Administration Costs and Court-awarded attorneys' fees, costs, and Service Awards.

43.    "**Notice**" means the Postcard Notice and Long Form Notice that Plaintiffs and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

44.    "**Notice Date**" means the date by which notice will be fully commenced, which shall be forty-five (45) days after the Court enters the Preliminary Approval Order.

45.    "**Notice Program**" means the methods provided for in this Agreement that may be used for the provision of Notice of the Settlement (Postcard Notice and Long Form Notice).  The Notice Program also includes the Settlement Website and Settlement telephone line.

46.    "**Notice of Deficiency**" means the notice the Settlement Administrator may send to a Settlement Class Member who has submitted a timely but deficient Claim.

47.    "**Objection Deadline**" means the deadline by which written objections to the Settlement must be filed in the Action's electronic docket or postmarked as set forth in the Preliminary Approval Order.  Such deadline shall be one hundred and fifteen (115) days after Preliminary Approval.

48.    "**Opt-Out Deadline**" means the deadline by which written requests for exclusion from the Settlement must be postmarked as set forth in the Preliminary Approval Order.  Such deadline shall be one hundred and fifteen (115) days after Preliminary Approval.

49.    "**Party**" means Plaintiffs and/or Defendant, individually, and "**Parties**" means Plaintiffs and Defendant, collectively.

50.    "**Plaintiffs**" means the plaintiffs in the Action: Joseph Constantino, Linda Rae Maccarone, Lawrence Girard Maccarone, Lorena Claxton, Robert Pak, and David Reisender.

51.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as *Exhibit 5*, that the Settlement Administrator shall disseminate to Settlement Class Members by mail.

52.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

53.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as *Exhibit 2*.

54.    "**Personal Information**" means all personally identifiable information, including but not limited to name, date of birth, Social Security number, individual taxpayer identification number, driver's license number, state identification number or other government issued identifiers, financial account number, medical records and information, and health insurance policy number.

55.    "**Releases**" means the releases set forth in Section XIII of this Agreement.

56.    "**Released Claims**" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties,

interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incident, any legal, factual, or other allegations in the Action, and/or any theories of recovery that were, or could have been, raised at any point in the Action.

For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that the Releasing Parties may have under the law of any jurisdiction including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

57.    "**Released Parties**" means:

a.  All SitusAMC Persons, as well as SitusAMC Persons' respective predecessors, successors, assigns, current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as their directors, officers, members, managers, employees, agents, vendors, investors, insurers, reinsurers, sureties, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, and service providers; and

b.  All entities and persons, including without limitation current and former clients and customers of the SitusAMC Persons, whose information was compromised, accessed, exfiltrated, or otherwise impacted by the Data Incident, as well as each such entity's and person's respective predecessors, successors, assigns, parents, subsidiaries, divisions, and affiliated companies (whether direct or indirect), and each of their respective directors, officers, members, managers, employees, agents, vendors, insurers, reinsurers, sureties, shareholders, attorneys, advisors, consultants, representatives, partners, joint ventures, contractors, and service providers.  For the avoidance of doubt, the Released Parties include, without limitation: (a) all current and former clients and customers of the SitusAMC Persons that provided information to the SitusAMC Persons that was compromised, accessed, exfiltrated, or otherwise impacted by the Data Incident; and (b) any business associates and/or covered entities that owned or controlled data accessed, compromised, or otherwise impacted by the Data Incident.  The Parties expressly intend that all Released Parties are third-party beneficiaries of the Settlement and

are entitled to enforce it fully and directly, including, without limitation, the Settlement's Releases.

58.     "**Releasing Parties**" means Plaintiffs and all Settlement Class Members who do not timely and validly opt out of the Settlement.

59.     "**Service Awards**" means the payment the Court may award the Class Representatives for serving as representatives of the Settlement Class, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members.  All Service Awards shall be paid from the Settlement Fund.

60.     "**Settlement Administrator**" means Simpluris, Inc., subject to Court approval.

61.     "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator relating to Notice, the Notice Program, Claims Processing, and other Settlement administration activities.  All Settlement Administration Costs shall be paid from the Settlement Fund.

62.     "**Settlement Class**" means all persons in the United States who were sent notice of the Data Incident as identified in the Class List.  Excluded from the Settlement Class are: (a) Defendant's executive leadership team; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (c) any Settlement Class Member who timely and validly opts out of the Settlement.

63.     "**Settlement Class Member**" means any member of the Settlement Class.

64.     "**Settlement Class Member Benefits**" means Cash Payments, Credit Monitoring, remedial measures, Settlement Administration Costs, Class Counsel attorneys' fees, costs, and Class Representative Service Awards.

65.     "**Settlement Fund**" means the non-reversionary $5,300,000 cash fund that

Defendant has agreed to pay, or cause to be paid, in accordance with the terms of the Settlement.

66.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including access to the Complaint, this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order and Judgment, as well as other documents as the Parties agree to post or the Court orders posted.  The Settlement Website shall remain online and operable for six months after Final Approval.

67.    "**SitusAMC Persons**" means Defendant, and its current and former shareholders, investors, partners, associates, attorneys, officers, employees, directors, divisions, and affiliated and related companies.

68.    "**Taxes**" means (a) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Escrow Account or Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' counsel with respect to any income or gains earned by or in respect of the Escrow Account or Settlement Fund; (b) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Escrow Account and/or Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (c) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Escrow Account and/or Settlement Fund (including without limitation, expenses of tax attorneys and accountants).  Taxes shall be considered Settlement Administration Costs and paid out of the Settlement Fund.

69.    "**Unknown Claims**" means any and all Released Claims that any Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was a key element of the Settlement Agreement.

70.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator.  The Settlement

14

Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature.  Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

**III.     <u>Settlement Fund</u>**

71.     Within ten (10) days after the Court enters the Preliminary Approval Order, Defendant shall fund a portion of the Settlement Fund in the amount of $300,000 for purposes of covering the initial cost of sending Notice to the Settlement Class.

72.     Within ten (10) days after the Effective Date, Defendant shall fund the amount required to fund the remainder of the Settlement Fund (i.e., $5,000,000), which represents $5,300,000 less the amounts already paid to cover the initial cost of sending Notice to the Settlement Class as set forth in Paragraph 71.  Defendant shall not be responsible for any other payments under the Settlement.  The Settlement Fund will be used to pay: (a) all costs associated with Credit Monitoring; (b) all claims for Cash Payments; (c) all Settlement Administration Costs; (d) any Court-awarded attorneys' fees, costs; and (e) any Court-awarded Service Awards to Class Representatives.  The settlement payments in this Paragraph and in Paragraph 71 shall be made by wire transfer to the Escrow Account.

73.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account, and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).  The Parties further agree that funds in the Escrow Account shall be treated as a qualified settlement fund from the earliest possible date and agree to any relationship-back election required to treat the Escrow Account as a qualified

settlement fund from the earliest date possible.

74.     Upon or before establishment of the Escrow Account, the Settlement Administrator shall apply for an employer identification number for the Escrow Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B2(k)(4) and shall provide Defendant with that employer identification number on a properly completed and signed IRS Form W-9.

75.     The Settlement Administrator shall file or cause to be filed, on behalf of the Escrow Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2). Any contract, agreement, or understanding with the Settlement Administrator relating to the Escrow Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Escrow Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2). The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Settlement Administration Costs and paid from the Settlement Fund.

76.     All interest earned on the Settlement funds shall be for the benefit of the Settlement Class. All Taxes arising with respect to the income earned by the Escrow Account or Settlement Fund, including any Taxes that may be imposed on Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to such income, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income

16

Taxes or otherwise, shall be paid out of the Escrow Account, shall be considered a Settlement Administration Cost, and shall be timely paid by the Settlement Administrator without prior order of the Court. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

77.    Following its payment of the settlement payments in Paragraphs 71 and 72, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Escrow Account, investment of the Escrow Account, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes related to the Escrow Account or the disbursements, payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Escrow Account.

## IV.    Certification of the Settlement Class

78.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for settlement purposes only. Defendant agrees solely for purposes of the settlement provided for in this Agreement, and the implementation of such Settlement, that the Action shall proceed as a class action settlement; provided, however, that if the Agreement is terminated or does not become effective, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement or any negotiations leading to this Agreement in support of any subsequent motion for class certification of any class in the Action or in any other proceeding.

## V.    Settlement Consideration

79.    All Settlement Class Members may submit a Claim for Cash Payment A – Documented Losses, Cash Payment B – Flat Cash, and if applicable, a California Statutory Payment.  Additionally, all Settlement Class Members will automatically receive one year of one-bureau Credit Monitoring.  Information to receive Credit Monitoring will be included on the individual Postcard Notice sent to each Settlement Class Member.  Settlement Class Members who fail to submit a Valid Claim or opt-out of the Settlement will release their claims as set forth herein without receiving a Cash Payment.

### a.    Cash Payment A – Documented Losses

Settlement Class Members may submit a Claim for a Cash Payment under this section for up to $5,000 per Settlement Class Member upon presentment of documented losses fairly traceable to the Data Incident.  To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A – Documented Losses on the Claim Form and attest under penalty of perjury to incurring documented losses fairly traceable to the Data Incident.  Settlement Class Members will also be required to submit reasonable documentation supporting the losses.  Settlement Class Members shall not be reimbursed for losses if they have been reimbursed for the same losses by another source.  These losses may include, without limitation, unreimbursed charges from banks or credit card companies; unreimbursed costs to replace your driver's license, Social Security number, or other types of identification; unreimbursed costs for credit reports; and unreimbursed costs for credit monitoring and identity theft protection first purchased by Settlement Class Members between November 12, 2025 and the Claims Deadline.  To receive reimbursement for credit monitoring and identity theft protection, Settlement Class Members must provide (a) proof of purchase, and (b) an affirmative written statement that it was purchased primarily because of

18

the Data Incident and not for other purposes. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be converted to Cash Payment B – Flat Cash.

b.    **Cash Payment B – Flat Cash**

In addition to or in lieu of electing Cash Payment A – Documented Losses, a Settlement Class Member may elect to receive Cash Payment B – Flat Cash, which is a cash payment that does not require the submission of any supporting documentation. Cash Payment B will be a *pro rata* amount of the Net Settlement Fund in accordance with Paragraph 80. The current estimated amount is approximately $75, which could be lower or higher based on the number of Valid Claims.

c.    **California Statutory Payment**

In addition to the above, all California Settlement Subclass Members may elect to receive a California Statutory Payment for an additional Cash Payment in the amount of $50, subject to downward *pro-ration* based on the number of Valid Claims.

d.    **Credit Monitoring**

In addition to the Cash Payment options, Settlement Class Members will automatically receive an enrollment code for one year of CyEx Financial Shield Complete with their individualized Postcard Notice. This includes: real time monitoring of the Settlement Class Member's credit file at a credit bureau; dark web scanning with immediate notification of potential misuse; comprehensive public record monitoring; identity restoration and recovery services; and

19

$1,000,000 identity theft insurance with no deductible.  The Credit Monitoring has an estimated value of $179 per year per Settlement Class Member.

80.    ***Pro Rata* Adjustments on Cash Payments** – The Settlement Administrator must distribute the funds in the Net Settlement Fund in the following order: (a) Funds sufficient to purchase Credit Monitoring for Valid Claims submitted for that benefit; (b) Cash Payment A – Documented Losses claims, (c) California Statutory Payments claims, and (d) Cash Payment B – Flat Cash claims.  Claims for the California Statutory Payment are subject to a downward, *pro rata* reduction depending on the number of Valid Claims for Cash Payment A – Documented Losses claims and California Statutory Payments.  After distributions are made for Valid Claims for Cash Payment A – Documented Losses and California Statutory Payments, the remaining amount of the Net Settlement Fund shall be distributed pro rata to all Settlement Class Members who submitted Valid Claims for Cash Payment B – Flat Cash.  The current estimate for Cash Payment B – Flat Cash is $75, but the amount may be higher or lower depending upon the number of Valid Claims submitted for Cash Payments.

81.    **Remediation Measures** – Defendant undertook significant remediation measures following the Data Incident, including enhancements to, among other things, identity and access management, endpoint security and application control, network segmentation, server hardening, and configuration management.  The costs of such implemented or to-be-implemented measures are the responsibility of the Defendant and will not in any way affect or reduce the Settlement amount.

## VI.    <u>Settlement Approval</u>

82.    Within fourteen (14) days following execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval.

83.     The Motion for Preliminary Approval shall, among other things, request the Court enter the Preliminary Approval Order materially in the form attached hereto as *Exhibit 2*, which shall, among other things: (a) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (b) provisionally certify the Settlement Class for settlement purposes only; (c) approve the Notice Program set forth herein and approve the form and content of the Notice; (d) approve the Claim Form; (e) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (f) appoint Plaintiffs as Class Representatives and Mariya Weekes and Gregory Haroutunian as Class Counsel for settlement purposes; (g) stay the Action pending Final Approval of the Settlement; and (h) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel but not earlier than one hundred and thirty (130) days after Preliminary Approval.

84.     Class Counsel shall share drafts of any memoranda in support of Preliminary Approval, Final Approval, and Application for Attorneys' Fees, Costs, and Service Awards with Defendant's Counsel at least two (2) business days before filing the same and shall consider any proposed edits by Defendant in good faith.

## VII.    **Settlement Administrator**

85.     The Parties agree that, subject to Court approval, Simpluris, Inc. shall be the Settlement Administrator.   Class Counsel and Defendant's Counsel shall jointly oversee the Settlement Administrator.  The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

86.     The Settlement Administrator shall administer various aspects of the Settlement as

described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and distributing the Cash Payments.

87.    The Settlement Administrator's duties include:

a.    Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice, sending out Long Form Notices and paper Claim Forms upon request by Settlement Class Members, reviewing Claim Forms, notifying in its discretion to be exercised in good faith Claimants of deficient Claim Forms using the Notice of Deficiency, and sending applicable Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims;

b.    Reviewing, determining the validity of, and processing all Claims submitted by Claimants.  Specifically, the Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (a) the Claimant is a Settlement Class Member; (b) the Claimant has provided all information required to complete the Claim Form by the Claim Form Deadline, including any documentation that may be necessary; and (c) the information submitted would lead a reasonable person to conclude, for Cash Payment A – Documented Losses, that the alleged unreimbursed, out-of-pocket losses are fairly traceable to the Data Incident.

c.    Within ten (10) days following the filing of the Motion for Preliminary Approval and pursuant thereto, the Settlement Administrator, on behalf of Defendant, shall cause a CAFA Notice to be served upon the appropriate State and Federal officials.  Defendant will cooperate with the Settlement Administrator in preparing and finalizing the CAFA Notice.  All expenses incurred in connection with the preparation and service of the CAFA Notice by the

Settlement Administrator shall be payable from the Settlement Fund;

d.    Establishing and maintaining the Escrow Account approved by the Parties;

e.    Establishing and maintaining a post office box to receive opt-out requests, objections, and Claim Forms;

f.    Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

g.    Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

h.    Responding to any mailed Settlement Class Member inquiries;

i.    Processing all opt-out requests;

j.    Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

k.    Within fifteen (15) days of the Opt-Out Deadline or such shorter period as is reasonably practicable, providing a list of all individuals who submitted an opt-out request;

l.    In advance of the Final Approval Hearing, preparing a declaration for the Parties, which Class Counsel shall file with the Court prior to the Final Approval Hearing, confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, the number of Claims for each form of Cash

Payment, providing the names of each Settlement Class Member who timely and validly requested to opt out of the Settlement, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

        m.       After the Effective Date, distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

        n.       Paying Court-approved attorneys' fees, costs, and Service Awards, out of the Settlement Fund;

        o.       Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel and Defendant's Counsel; and

        p.       Any other Settlement administration function at the instruction of Class Counsel and Defendant's Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments and Credit Monitoring access information have been properly distributed.

## VIII.   <u>Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures</u>

88.     Defendant will make available to the Settlement Administrator the Class List no later than ten (10) days after entry of the Preliminary Approval Order.

89.     The Settlement Administrator shall provide notice of the Settlement using the forms of Notice approved by the Court. Notice shall be made to all Settlement Class Members via U.S. mail. Postcard Notice shall be sent to all Settlement Class Members for whom postal addresses were included in the Class List or identified thereafter by the Settlement Administrator. The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such

purpose.

90.     The Postcard Notice shall be substantially in the form attached hereto as **Exhibit 5** and shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the Opt-Out Deadline for Settlement Class Members to opt-out of the Settlement; the Objection Deadline for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information.  Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.  If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date.  No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

91.     The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated.  The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website and a printable version that can be sent by U.S. Mail to the Settlement Administrator.

92.     The Long Form Notice also shall include a procedure for Settlement Class Members to opt out of the Settlement, and the Long Form Notice shall be posted on the Settlement Website.  The Postcard Notice shall direct Settlement Class Members to the Settlement Website to, among other things, learn more about how to opt out. A Settlement Class Member may opt out of the Settlement by mailing a request to opt out to the Settlement Administrator.  The opt-out

request must be personally signed by the Settlement Class Member and contain the name of the Action, the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Mass or class opt outs, or other purported group opt outs signed by an attorney, are not permitted and will not be accepted. To be timely, any opt-out request must be sent via U.S. Mail and postmarked on or before the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

93.    The Long Form Notice also shall include the procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Long Form Notice shall be posted on the Settlement Website. The Postcard Notice shall direct Settlement Class Members to the Settlement Website to, among other things, learn more about how to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards. Objections may be either (a) electronically filed in the Action's electronic docket on or before the Objection Deadline, or (b) sent by U.S. Mail to the Clerk of Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection on or before the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded himself or herself from the Settlement Class. To be timely, an objection must be electronically filed on the Court's docket, or if submitted by mail, postmarked, on or before the Objection Deadline.

94.    For an objection to be considered by the Court, the objection must be timely and must also set forth:

a. the name of the Action;

b. the objector's name, mailing address, telephone number, and email address (if any);

c. all grounds for the objection, including all citations to legal authority and evidence supporting the objection known to the objector or objector's counsel;

d. the number of times the objector or their counsel has filed an objection to a class action settlement within the five (5) years preceding the date that the objector files the objection, the nature of each such objection in each case, and the identity of each case, by name, court number, and docket number;

e. the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

f. a statement indicating whether the objector intends to appear and/or testify at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and

g. the objector's handwritten or electronically imaged signature (an attorney's signature is not sufficient).

95.    A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection.  It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing.  No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards will be heard unless that Settlement Class Member has filed a

timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing.

**IX.    Claim Form Process and Disbursement of Settlement Class Member Benefits**

96.    The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Cash Payment and to enroll in Credit Monitoring and how to submit a Claim Form.

97.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

98.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim.  The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete.  The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

99.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims.  No Settlement Class Member may submit more than one Claim Form. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator may, but in exercising its discretion is not required to, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

100.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and

abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims without requesting additional information from Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

101.    If the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. Any Notice of Deficiency shall be sent to the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or electronic signature. A Claimant shall have until the Claim Form Deadline, or fifteen (15) days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless both Defendant and Class Counsel otherwise agree. For the avoidance of doubt, the Settlement

29

Administrator is not required to request supplemental Claim information, and in reasonably exercising its discretion, may deny a Claim without sending a Notice of Deficiency and/or without requesting supplemental Claim information.

102.    Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

    a.    Failure to fully complete and/or sign the Claim Form;

    b.    Illegible Claim Form;

    c.    The Claim Form is fraudulent;

    d.    The Claim Form is duplicative of another Claim Form;

    e.    The Claimant is not a Settlement Class Member;

    f.    The Claimant submitted a timely and valid request to opt out of the Settlement Class;

    g.    The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

    h.    Failure to submit a Claim Form by the Claim Form Deadline; and/or

    i.    The Claim Form otherwise does not comply with the requirements of this Settlement.

103.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel.  Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

104.    No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

105.    The Settlement Administrator shall distribute the Settlement Class Member Benefits no later than sixty (60) days after the Effective Date, or as soon as reasonably practicable thereafter.

106.    Cash Payments to Settlement Class Members will be made by electronic payment or by paper check.  Settlement Class Members will choose their preferred method of payment on the Claim Form.  Paper checks must be negotiated within ninety (90) days of issuance.  In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and Defendant's Counsel. Absent specific instructions from Class Counsel and Defendant's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them.  In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement right to the funds.

X.    **Final Approval Order and Judgment**

107.    Plaintiffs shall file their Motion for Final Approval, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than ninety-five (95) days after the Court enters the Preliminary Approval Order.  At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval and Application for Attorneys' Fees, Costs, and

Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

108.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards.

**XI.    Service Awards, Attorneys' Fees and Costs**

109.    ***Service Awards*** – The Class Representatives may seek Service Awards of up to $2,500 each, subject to Court approval. The Service Awards approved by the Court shall be paid by the Settlement Administrator to Class Counsel on behalf of the Class Representatives out of the Settlement Fund by wire transfer to an account designated by Class Counsel within fifteen (15) days of the Effective Date.

110.    ***Attorneys' Fees and Costs*** – Class Counsel shall apply to the Court for an award of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of reasonable costs. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator from the Settlement Fund by wire transfer to an account designated by Class Counsel within fifteen (15) days of the Effective Date.

111.    This Settlement is not contingent on approval of the request for attorneys' fees, costs, or Service Awards, and if the Court denies the requests or grants amounts less than what were requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were negotiated after all material terms of the Settlement were agreed upon.

## XII.    Disposition of Residual Funds

112.    Settlement Class Members will have ninety (90) days to cash the checks or electronically receive the payment, after which any uncashed checks will be void and the ability to receive the electronic payment will expire.  If the aggregate value of void checks and lapsed electronic payments makes it economically feasible, such funds (after decreasing the total by the cost of any anticipated tax reporting requirements and other Settlement Administration Costs) will be disbursed *pro rata* via a second round of payments issued to those Settlement Class Members who successfully received electronic payments or cashed checks issued during the first round of disbursement.  If a second round of payments is not economically feasible, then any residual funds shall be distributed to an appropriate *cy pres* recipient mutually agreed upon by the Parties and approved by the Court.  If a second round of payments is economically feasible, then ninety (90) days after the second disbursement, any uncashed checks will be void and the ability to receive electronic payment will also expire.  Any residual funds shall be distributed to an appropriate *cy pres* recipient mutually agreed upon by the Parties and approved by the Court.

## XIII.    Releases

113.    Upon the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

114.    The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar

33

proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

115.    Settlement Class Members who timely and validly opt out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

116.    Upon the Effective Date, the Releasing Parties shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member, or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV.    Termination of Settlement

117.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

    a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

    b.    Defendant choosing not to exercise its right to terminate pursuant to Paragraph 119; and

    c.    The Effective Date having occurred.

118.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

119.    Defendant may, in its sole discretion, terminate this Agreement if more than a specified number of Settlement Class Members submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties in a separate writing that has been

executed by them contemporaneously with the execution of this Agreement, and, if requested, submitted to the Court for in camera review. If Defendant elects to terminate the Settlement pursuant to this Paragraph 119, it shall provide written notice to Class Counsel no later than fifteen (15) business days after the Opt-Out Deadline.

120.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed.  In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

121.    In the event this Agreement is terminated or fails to become effective, the Settlement Administrator may retain any Settlement Administration Costs that have been incurred and are already due to be paid from the Settlement Fund.  Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator any such Settlement Administration Costs, i.e., Settlement Administration Costs that have already been incurred and due to be paid from the Settlement Fund as of the date the Settlement is terminated or fails to become effective, whichever is earlier.  After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant within ten (10) days using wire instructions to be provided by Defendant's Counsel.

## XV.    **Effect of Termination**

122.    The grounds upon which this Agreement may be terminated are set forth in Section

XIV.   In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

123.   In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable, offered into evidence, or used in the Action or any other action or proceeding for any purpose.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.   No Admission of Liability

124.   This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law.  Defendant has denied and continues to deny each of the claims and contentions alleged in the Complaint.  Defendant specifically denies that a class could or should be certified in the Action for litigation purposes.  Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise.  Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.  No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any

party of any fault, liability, or wrongdoing of any kind whatsoever.

125.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action.  Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims.  Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

126.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

127.    In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  <u>Miscellaneous Provisions</u>

128.    ***Confidentiality*** – To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications

regarding the negotiation and drafting of this Agreement.  The Parties will not make any public statement (i.e., any statement or press release available to the general public) about the settlement that has not been approved by the other side, except as required or authorized by law.  Approval of any proposed public statement of the other side will not be unreasonably withheld.  The Parties will cooperate with each other regarding public statements about the settlement and may issue a joint statement/press release if they mutually agree to do so.  This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms.  Nothing in this paragraph prevents Defendant from sharing information about this Settlement with any other Released Parties.  In addition, Defendant may also provide information about the Settlement to its attorneys, members, current and prospective owners and investors, partners, insurers, brokers, agents, clients, customers, and other persons or entities as required by securities laws or other applicable laws and regulations.

129.    ***Gender and Plurals*** – As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

130.    ***Binding Effect*** – This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

131.    ***Cooperation of Parties*** – The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this

Agreement.

132.    ***Obligation to Meet and Confer*** – Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

133.    ***Integration and No Reliance*** – Subject to Paragraph 119, this Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

134.    ***No Conflict Intended*** – Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

135.    ***Governing Law*** – Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of New York, without regard to the principles thereof regarding choice of law.

136.    ***Counterparts*** – This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.

137.    ***Jurisdiction*** – The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall also retain

jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.  As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.  The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order and Judgment.

138.    *Notices* – All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

Mariya Weekes
**Milberg, PLLC**
333 S.E. 2nd Avenue, Ste. 2000
Miami, FL 33131
mweekes@milberg.com

Gregory Haroutunian
**Emery Reddy, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
gregory@emeryreddy.com

If to Defendant or Defendant's Counsel:

Kristine M. Brown
Donald M. Houser
**Alston & Bird LLP**
1201 West Peachtree Street
Atlanta, GA 30309
kristy.brown@alston.com
donald.houser@alston.com

The notice recipients and addresses designated above may be changed by written notice.  Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of

40

objections, requests for exclusion, or other filings received as a result of the Notice Program.

139.   ***Modification and Amendment*** – This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

140.   ***No Waiver*** – The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

141.   ***Authority*** – Class Counsel (for the Plaintiffs and the Settlement Class Members) and Defendant's Counsel represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant, respectively, to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

142.   ***Agreement Mutually Prepared*** – Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

143.   ***Independent Investigation and Decision to Settle*** – The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in

addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise. Nothing in this Paragraph 143 shall impair or otherwise alter the termination rights in Section XIV.

144.    ***Receipt of Advice of Counsel*** – Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page to Follow*

**CLASS COUNSEL** (*for Plaintiffs and the Settlement Class*)

Mariya Weekes                                      Date: Jun 18, 2026
_____                                _____
**Mariya Weekes**
MILBERG, PLLC


                                                       Date: _____
_____
**Gregory Haroutunian**
EMERY REDDY, PC




**COUNSEL FOR DEFENDANT SITUSAMC HOLDINGS CORPORATION**




                                                       Date: _____
_____
**Donald M. Houser**
ALSTON & BIRD LLP

43

**CLASS COUNSEL** (*for Plaintiffs and the Settlement Class*)


_____          Date:_____
**Mariya Weekes**
MILBERG, PLLC


_Gregory Haroutunian_                       Date: Jun 18, 2026
_____                _____
**Gregory Haroutunian**
EMERY REDDY, PC




**COUNSEL FOR DEFENDANT SITUSAMC HOLDINGS CORPORATION**




_____          Date:_____
**Donald M. Houser**
ALSTON & BIRD LLP

**CLASS COUNSEL** (*for Plaintiffs and the Settlement Class*)

_____          Date:_____

**Mariya Weekes**
MILBERG, PLLC


_____          Date:_____

**Gregory Haroutunian**
EMERY REDDY, PC


**COUNSEL FOR DEFENDANT SITUSAMC HOLDINGS CORPORATION**


_____          Date:_____6 | 19 | 2026_____

**Donald M. Houser**
ALSTON & BIRD LLP

43

# EXHIBIT 1

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td><td>

*In re SitusAMC Holdings Corporation Data Breach Litigation*
Case No. 1:25-cv-9748
Southern District of New York

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

**<u>COMPLETE THIS CLAIM FORM IF YOU ARE A SETTLEMENT CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE AVAILABLE SETTLEMENT BENEFITS</u>**

**THE EASIEST WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT
www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail to the Settlement Administrator at the address below:

SitusAMC Data Incident Settlement
c/o Settlement Administrator
[address]

**You must submit your Claim Form online or by mail no later than [Claims Deadline]. If you are submitting your Claim Form by mail, it must be postmarked on or before [Claims Deadline].**

**Who is eligible to file a claim?** All Settlement Class Members may file a claim. The Court has defined the Settlement Class as: "all persons in the United States who were sent notice of the Data Incident as identified in the Class List."

Excluded from the Settlement Class are: all persons who are: (a) Defendant's executive leadership team; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (c) any Settlement Class Member who timely and validly opts out of the Settlement.

## AVAILABLE BENEFITS

SitusAMC will establish a Settlement Fund of $5,300,000. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Awards for the Plaintiffs, and Settlement Administration Costs. The net remaining funds will be used to pay for the Settlement Class Member Benefits described below.

As a Settlement Class Member, you automatically received an enrollment code for one year of credit monitoring services. In addition to the credit monitoring, you may claim (a) reimbursement for Documented Losses, and (b) a Flat Cash payment. California residents may also claim an additional California Statutory Payment.

**Questions? Call 1-(833)-***-**** Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>**Your claim must be submitted online or postmarked by: [Claims Deadline]**</td><td>*In re SitusAMC Holdings Corporation Data Breach Litigation*<br>Case No. 1:25-cv-9748<br>Southern District of New York<br><br>**DATA INCIDENT SETTLEMENT CLAIM FORM**</td><td>**Your claim must be submitted online or postmarked by: [Claims Deadline]**</td></tr>
</table>

**CREDIT MONITORING SERVICES.** All Settlement Class Members automatically received an enrollment code for one year of identity theft protection and Credit Monitoring. This includes:

- real time monitoring of the Settlement Class Member's credit file at a credit bureau;
- dark web scanning with immediate notification of potential misuse;
- comprehensive public record monitoring;
- identity restoration and recovery services; and
- $1,000,000 identity theft insurance with no deductible.

**CASH PAYMENTS**

**Cash Payment A – Documented Losses.** If you incurred actual, *documented* out-of-pocket losses as a result of the Data Incident that have not been reimbursed, you may file a claim for this benefit. The maximum amount of this benefit is $5,000.

This benefit covers expenses like:
- unreimbursed charges from banks or credit card companies
- unreimbursed costs to replace your driver's license, Social Security number, or other types of identification;
- unreimbursed costs for credit reports; and
- unreimbursed costs for credit monitoring and identity theft protection first purchased by Settlement Class Members between November 12, 2025 and the Claims Deadline. To receive reimbursement, you must provide (a) proof of purchase, and (b) an affirmative written statement that it was purchased primarily because of the Data Incident and not for other purposes.

Third Party Documentation Required: You must submit third-party documentation, such as receipts, to verify the costs you incurred. You may submit "self-prepared" documents to clarify or support other submitted documentation, but *self-prepared documents by themselves are not sufficient* to file a valid claim.

**Cash Payment B – Flat Cash.** In lieu of or in addition to submitting a claim for Cash Payment A - Documented Losses, you may elect to receive a one-time flat cash payment. You do not have to provide any proof or explanation to claim this payment. The amount of this cash payment is estimated to be $75, but it could be higher or lower depending on, among other things, the number of valid claims submitted.

**California Statutory Payment.** In addition to Cash Payment A – Documented Losses and Cash Payment B – Flat Cash, Settlement Class Members who resided in California between November 12, 2025 and November 22, 2025 may also elect to receive a $50 cash payment, subject to downward *pro-ration* based on the number of valid claims submitted.

**Questions? Call 1-(833)-\*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td><td>

*In re SitusAMC Holdings Corporation Data Breach Litigation*
Case No. 1:25-cv-9748
Southern District of New York

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td></tr>
</table>

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[insert].com
- Call toll free, 24/7: 1-(833) ***-****
- By mail: SitusAMC Data Incident Settlement,
  c/o Settlement Administrator,
  [address]

**Questions? Call 1-(833)-***-**** Toll-Free or Visit www.[SettlementWebsite].com**

| **Your claim must be submitted online or postmarked by:** <br> **[Claims Deadline]** | *In re SitusAMC Holdings Corporation Data Breach Litigation* <br> Case No. 1:25-cv-9748 <br> Southern District of New York <br><br> **DATA INCIDENT SETTLEMENT CLAIM FORM** | **Your claim must be submitted online or postmarked by:** <br> **[Claims Deadline]** |
|---|---|---|

## I. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly**.

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Notice ID

## II. CASH PAYMENT A – DOCUMENTED LOSSES

☐  Check this box if you are claiming reimbursement for **documented** out-of-pocket losses that were incurred as a result of the Data Incident. **You must submit supporting documentation**. You may submit "self-prepared" documents to add clarity or support other submitted documentation, but self-prepared documents by themselves are **not sufficient** to file a valid claim.

The maximum amount for this reimbursement is $5,000 per Settlement Class Member.

*Please complete the table on the next page, describing the supporting documentation you are submitting*.

| *Description of Documentation Provided* | *Amount* |
|---|---|
| *Example: Overdraft fees* | *$40.00* |
|  |  |
|  |  |

**Questions? Call 1-(833)-\*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td><strong>Your claim must be submitted online or postmarked by:</strong> <strong>[Claims Deadline]</strong></td><td colspan="2"><em>In re SitusAMC Holdings Corporation Data Breach Litigation</em><br>Case No. 1:25-cv-9748<br>Southern District of New York<br><br>DATA INCIDENT SETTLEMENT CLAIM FORM</td><td><strong>Your claim must be submitted online or postmarked by:</strong> <strong>[Claims Deadline]</strong></td></tr>
</table>

|  |  |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL DOCUMENTED LOSSES:** |  |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## III.  CASH PAYMENT B – FLAT CASH

☐　Check this box if you want to claim a one-time cash payment, estimated to be $75.00.

Cash Payment B – Flat Cash does not require you to submit any third-party documentation.

## IV.  CALIFORNIA STATUTORY PAYMENT

☐　Check this box if you were a resident of California between November 12, 2025 and November 22, 2025 and want to claim a one-time cash payment of $50.00.

## V. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐　**PayPal**
　Email address, if different than you provided in Section I:＿＿＿＿＿＿＿＿＿＿＿

☐　**Venmo**
　Mobile number, if different than you provided in Section I:＿＿＿＿＿＿＿＿＿＿

**Questions? Call 1-(833)-\*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td><td>

*In re SitusAMC Holdings Corporation Data Breach Litigation*
Case No. 1:25-cv-9748
Southern District of New York

**DATA INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must be submitted online or postmarked by:**
**[Claims Deadline]**

</td></tr>
</table>

☐ **Zelle**
Email address or mobile number, if different than you provided in Section I:_____

☐ **Physical Check**
Payment will be mailed to the address provided in Section I.

## VI. ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, and any supporting documentation provided, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

| _____ | _____ | _____ |
|:---:|:---:|:---:|
| Signature | Printed Name | Date |

**Questions? Call 1-(833)-\*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re SitusAMC Holdings Corporation Data Breach Litigation* | Case No.: 1:25-cv-9748 |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendant SitusAMC Holdings Corporation ("Defendant" and, along with Plaintiffs, the "Parties").

Having carefully considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), that it will likely be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3), and that the proposed plan of notice (the "Notice Program") to the Settlement Class is the best notice practicable under the circumstances and consistent with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2), and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this Action based upon the Settlement,

**IT IS HEREBY ORDERED** as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class.

## PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

3.      The Court finds that, subject to the Final Approval Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class.  The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation.  The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of a mediator, the Honorable Marc E. Isserles, Esq.; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23; and (d) is not a finding or admission of liability by Defendant.

## PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

4.      Pursuant to Federal Rules of Civil Procedure Rules 23(a) and 23(b)(3), and for purposes of settlement only, the Court preliminarily certifies the following Settlement Class:

> **All persons in the United States who were sent notice of the Data Incident as identified in the Class List.**

Excluded from the Settlement Class are: (a) Defendant's executive leadership team; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (c) any Settlement Class Member who timely and validly opts out of the Settlement.

2

5.      For purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b)(3), as the prerequisites thereunder have been met, including (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members; (3) that Plaintiffs' claims are typical of the claims of the Settlement Class; (4) that Plaintiffs and their counsel will fairly and adequately protect the interests of the Settlement Class; and (5) that a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

6.      Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only. Plaintiffs Joseph Constantino, Linda Rae Maccarone, Lawrence Girard Maccarone, Lorena Claxton, Robert Pak, and David Reisender are hereby appointed Class Representatives. The Court finds that the above Plaintiffs are competent and capable of exercising the responsibilities of Class Representatives and that Plaintiffs will adequately protect the interests of the Settlement Class defined above.

7.      Pursuant to Federal Rule of Civil Procedure 23(g), Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC are hereby appointed as Class Counsel. The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Class Counsel will adequately protect the interests of the Settlement Class defined above.

## NOTICE AND ADMINISTRATION

8.      The Court appoints Simpluris, Inc., as the Settlement Administrator.

9.      The Court directs the Settlement Administrator to perform the functions and duties set forth in the Settlement Agreement—including providing notice to the Settlement Class

3

(according to the Court-approved Notice Program), processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10.    The Court has carefully considered the Notice Program as set forth in the Settlement Agreement.  The Court finds that the Notice Program is reasonably calculated to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.  The Court finds that the Notice Program constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.  The Court further finds that the Notice Program constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement is necessary in this Action.

11.    The Court hereby approves the Notice Program, including the Postcard Notice attached as Exhibit 5 to the Settlement Agreement, the Long Form Notice attached as Exhibit 4 to the Settlement Agreement, and the Claim Form attached as Exhibit 1 to the Settlement Agreement. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the Settlement Class Member Benefits.  The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Preliminary Approval Order.

4

12.     The Settlement Administrator shall cause the Notice Program to be executed within the time periods set forth in the Settlement Agreement and below.  Class Counsel, prior to the Final Approval Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program.  The Settlement Administrator shall maintain the Settlement Website to provide relevant information about the Settlement and allow for the filing of claims online.  The Settlement Website shall make available a copy of the Complaint, Settlement Agreement and all Exhibits thereto, Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards (once filed with the Court), and this Preliminary Approval Order.

### SUBMISSION OF CLAIMS AND REQUESTS FOR EXCLUSION

13.     Settlement Class Members who wish to receive Settlement Class Member Benefits must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein.  To be timely, Claim Forms must be postmarked or received by the Settlement Administrator by the Claim Form Deadline, which is 130 days after Preliminary Approval. Should the Court grant Final Approval of the Settlement Agreement, Settlement Class Members who do not submit a timely and valid claim will not receive a payment under the Settlement, but they will be bound by the Settlement, including the Releases therein.

14.     The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse and fraud, and to deny claims where there is evidence of abuse or fraud.  The Settlement Administrator may reject any claim that is not submitted by a Settlement Class Member; that does not comply in any material respect with the instructions on the Claim Form; or that is submitted after the Claim Form Deadline.

15.     The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked on or before the Opt-Out Deadline which is 115 days after

5

Preliminary Approval. The opt-out request must strictly comply with the requirements outlined in the Settlement Agreement and the Long Form Notice.

16.    The Notices shall provide that any member of the Settlement Class who wishes to opt out from the Settlement Class must request exclusion in writing. The opt-out request must be personally signed by the Settlement Class Member and contain the name of the Action, the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Mass or class opt outs, or other purported group opt outs signed by an attorney, are not permitted and will not be accepted. To be timely, any opt-out request must be sent via U.S. Mail and postmarked on or before the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

17.    Any Settlement Class member who timely and validly opts out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement and will not release any claims against the Released Parties; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class member who does not timely and validly request to opt out shall be bound by the terms of the Agreement, including the Releases therein.

18.    The Settlement Administrator shall promptly provide all Parties with copies of any exclusion requests, and Class Counsel shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

6

**APPEARANCES AND OBJECTIONS**

19.     Any member of the Settlement Class who does not file a timely and valid request for exclusion, but who wishes to object to approval of the proposed Settlement and/or Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards, must either electronically file in the Action's electronic docket or send by U.S. Mail to the Clerk of Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator, a written statement (along with any supporting papers), that includes: the name of the Action; the Settlement Class Member's name, mailing address, telephone number, and email address (if any); all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; the number of times the Settlement Class Member or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, and the identity of each case, by name, court number, and docket number; a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and the objector's handwritten or electronically imaged written signature.  To be timely, an objection must be electronically filed on the Court's docket, or if submitted by U.S. Mail, postmarked, on or before the Objection Deadline, which is 115 days after Preliminary Approval.

20.     Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards and, if Final Approval is entered, shall forever be barred and foreclosed from raising such objections in this or any other

7

proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Approval Order and Judgment or any aspect thereof.

21.    A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection.  It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing.  No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing.

**MOTION FOR FINAL APPROVAL AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

22.    Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives of $2,500.00 each to be paid from the Settlement Fund.  The Court will defer ruling on those awards until the Final Approval Hearing when considering the Application for Attorneys' Fees, Costs, and Service Awards.

23.    Plaintiffs shall file their Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 95 days after this Preliminary Approval Order.  At the Final Approval Hearing, the Court will hear argument in connection with the request for attorneys' fees and costs and Service Awards for the Class Representatives.

**ADDITIONAL PROVISIONS OF THIS PRELIMINARY APPROVAL ORDER**

24.    <u>Termination</u>. If the Agreement is terminated, not approved, canceled, fails to

8

become effective for any reason, or the Effective Date does not occur, this Order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class Members, and Defendant, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

25.     Stay. All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

26.     Continuing Litigation. Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Agreement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation, including in arbitration, against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Agreement.

27.     Jurisdiction. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over these proceedings to ensure the effectuation thereof in accordance with the Agreement preliminarily approved herein and the related orders of this Court.

**FINAL APPROVAL HEARING**

28.     The Court will hold a Final Approval Hearing.  The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether to enter the Final Approval Order and

9

Judgment; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

29.      The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class.  The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted on the Settlement Website.

30.      At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

31.      <u>Schedule</u>. The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Date** | Within 45 days after Preliminary Approval Order |
| **Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 95 days after Preliminary Approval Order |
| **Deadline to Respond to Objections** | 130 days after Preliminary Approval Order |
| **Opt-Out Deadline** | 115 days after Preliminary Approval Order |
| **Objection Deadline** | 115 days after Preliminary Approval Order |
| **Claims Deadline** | 130 days after Preliminary Approval Order |

| Final Approval Hearing | [No earlier than 130 days after entry of this Preliminary Approval Order] |
|---|---|

**SO ORDERED** this _____ day of _____, 2026.

_____
LEWIS J. LIMAN
UNITED STATES JUDGE

11

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re SitusAMC Holdings Corporation Data Breach Litigation* | Case No.: 1:25-cv-9748 |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT
GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (ECF No. ___);

WHEREAS, on _____, 2026, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) conditionally certified the Settlement Class; (2) appointed Plaintiffs as Class Representatives; (3) appointed Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC as Class Counsel; (4) preliminarily approved the Settlement; (5) approved the Notice Program and Notices and directed that Notice be sent to Settlement Class Members; (6) approved the Claim Form and Claims Process; (7) ordered the Settlement's opt-out and objection procedures; (8) appointed Simpluris, Inc. as the Settlement Administrator; (9) stayed all deadlines in the Action pending Final Approval of the Settlement; (10) enjoined and barred all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set the Final Approval Hearing date (ECF No. ____);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order;

WHEREAS, on _____, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:[1]

1.      The Court finds that it has subject matter jurisdiction to enter this Final Approval Order and Judgment and has personal jurisdiction over Plaintiffs and Defendant (in this Action only and for purposes of this Settlement only) and all Settlement Class Members.

2.      The Notice provided to the Settlement Class implemented pursuant to the Settlement Agreement and in accordance with the Court's Preliminary Approval Order: (a) was the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to appraise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of the right to claim Settlement Class Member Benefits, and of Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Due Process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

3.      Based on the Settlement Administrator's declaration attached to Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys'

---

[1] Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

Fees, Costs, and Service Awards, *see* ECF No. ___, the Court further finds that Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and disbursement of Settlement Class Member Benefits treat Class Members equitably relative to each other.

5.      Accordingly, the Court grants final approval of the Settlement, including but not limited to the Releases in the Settlement and the plan for distributing the Settlement Class Member Benefits.

6.      The Settlement and every term and provision thereof—including without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

7.      The Parties shall effectuate the Settlement in accordance with its terms.

8.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> **All persons in the United States who were sent notice of the Data Incident as identified in the Class List.**

Excluded from the Settlement Class are (a) Defendant's executive leadership team; (b) the Judge

3

assigned to the Action, that Judge's immediate family, and Court staff; and (c) any Settlement Class Member who timely and validly opts out of the Settlement.

9.      A list of the individuals who have timely and validly opted out of the Settlement is attached hereto as ***Exhibit A***. Those individuals will not be bound by the Settlement or the Releases contained therein.

10.     The Court finds that [XXX] timely objections to the proposed Settlement have been submitted.  Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.]

11.     All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

12.     Based on the information presented to the Court, the Claims Process has proceeded consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

13.     The distribution plan for the Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

14.     The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class

4

Members in connection with the Settlement.

15.     Because the Court grants Final Approval of the Settlement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

16.     All Parties to this Action, including all Settlement Class Members, are bound by the Settlement and this Order.

17.     The Court reaffirms the appointment of the Class Representatives, Class Counsel, and the Settlement Administrator.

18.     The Court finds that, solely for purpose of settlement, the Settlement Class meets all applicable requirements of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (a) the number of members of the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (d) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

19.     As of the Effective Date, and in exchange for the relief described in the Agreement, all Releasing Parties,[2] on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any

---

[2] As set forth in the Settlement Agreement, "Releasing Parties" means the Plaintiffs and all Settlement Class Members who do not timely and validly opt out of the Settlement.

5

and all Released Claims[3] against the Released Parties,[4] except for claims relating to the

---

[3] As set forth in the Settlement Agreement, "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incident, any legal, factual, or other allegations in the Action, and/or any theories of recovery that were, or could have been, raised at any point in the Action.

For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that the Releasing Parties may have under the law of any jurisdiction including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 et seq. and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

[4] As set forth in the Settlement Agreement, "Released Parties" means all SitusAMC Persons, as well as SitusAMC Persons' respective predecessors, successors, assigns, current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as their directors, officers, members, managers, employees, agents, vendors, investors, insurers, reinsurers, sureties, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, and service providers; and all entities and persons, including without limitation current and former clients and customers of the SitusAMC Persons, whose information was compromised, accessed, exfiltrated, or otherwise impacted by the Data Incident, as well as each such entity's and person's respective predecessors, successors, assigns, parents, subsidiaries, divisions, and affiliated companies (whether direct or indirect), and each of their respective directors, officers, members, managers, employees, agents, vendors, insurers, reinsurers, sureties, shareholders, attorneys, advisors, consultants, representatives, partners, joint ventures, contractors, and service providers.  For the avoidance of doubt, the Released Parties

6

enforcement of the Settlement Agreement.

20.    Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel are awarded $_____ for attorneys' fees and $_____ for costs.  These payments shall be made out of the Settlement Fund in accordance with the Settlement Agreement.  The Court evaluated Class Counsel's attorneys' fee request using the percentage of the fund method and concludes that the amount is within the range of reason under the factors listed in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d. Cir. 2000).  In addition, $_____ in Settlement Administration Costs is to be paid out of the Settlement Fund to Simpluris, Inc., to perform its responsibilities as the Settlement Administrator, in accordance with the terms of the Settlement.

21.    The Class Representatives shall be awarded Service Awards in the amount of $_____ each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22.    The Court permanently bars and enjoins Plaintiffs and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; or (b) organizing or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate

---

include, without limitation: (a) all current and former clients and customers of the SitusAMC Persons that provided information to the SitusAMC Persons that was compromised, accessed, exfiltrated, or otherwise impacted by the Data Incident; and (b) any business associates and/or covered entities that owned or controlled data accessed, compromised, or otherwise impacted by the Data Incident.  The Parties expressly intend that all Released Parties are third-party beneficiaries of the Settlement and are entitled to enforce it fully and directly, including, without limitation, the Settlement's Releases.

class for purposes of pursuing any action relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties. The foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

23. Without affecting the finality of the Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

24. Consistent with Paragraph 122 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of Class Representatives' and SitusAMC's obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and Settlement Class Representatives and SitusAMC shall return to the *status quo ante* in the Action as if the Parties had not entered into the Settlement. In such an event, Class Representatives and SitusAMC shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of Class Representatives' and SitusAMC's respective positions on the issue of class certification or any other issue).

25. The Settlement's terms, including without limitation the Releases therein, shall be forever binding on, and shall have res judicata and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final

8

Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Releasing Party or any other person subject to the provisions of this Final Approval Order and Judgment against a Released Party.

26.    Neither the Settlement Agreement, nor its exhibits, whether or not it shall become final, nor any negotiations or discussions, exchanged among counsel for Plaintiffs and Defendant in connection with settlement discussions, nor this Final Approval Order and Judgment, are or shall be construed as, used as, or deemed to be evidence of, an admission, adjudication, or evidence of: (a) any violation of any statute, law, common law or of any liability or wrongdoing by Defendant or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement.

27.    The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

28.    There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58, and the Court hereby dismisses this Action with prejudice, on the merits.

**SO ORDERED** on _____, 2026.

_____
LEWIS J. LIMAN
UNITED STATES JUDGE

9

## EXHIBIT A

## Opt-Out List

(To Be Completed Before Final Approval Hearing)

1.

2.

3.

# EXHIBIT 4

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re SitusAMC Holdings Corporation Data Breach Litigation*
Case No. 1:25-cv-9748
United States District Court, Southern District of New York

**IF SITUSAMC HOLDINGS CORPORATION SENT YOU A NOTICE THAT YOUR PERSONAL INFORMATION WAS INVOLVED IN A NOVEMBER 2025 DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO A SETTLEMENT BENEFIT AND CASH PAYMENTS.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this notice carefully and completely.***

- A Settlement has been reached with SitusAMC Holdings Corporation, ("SitusAMC" or "Defendant") in a class action lawsuit. This class action lawsuit concerned a data security incident that occurred on or about November 12, 2025 (the "Data Incident"), which involved the unauthorized access and exfiltration of certain information, including Personal Information, from Defendant's systems. The Personal Information may have included names, dates of birth, Social Security or individual taxpayer identification numbers, driver's license numbers, state identification numbers or other government issued identifiers, financial account numbers, medical records, and health insurance policy numbers.

- The lawsuit is captioned *In re SitusAMC Holdings Corporation*, Case No. 1:25-cv-9748, pending in the United States District Court for the Southern District of New York (the "Action").

- SitusAMC denies that it did anything wrong, and the Court has not decided in favor of any party.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Action.

- Your rights are affected whether you act or don't act. ***Please read this notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive cash benefits from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[Settlement Website].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. Your Claim Form must include your Unique Class Member ID and PIN found on the postcard notice sent to you or available from the Settlement Administrator.<br><br>For more detailed information, *see* **Question 9**. | **[date]** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to exclude yourself from the Settlement by informing the Settlement Administrator that you want to "opt out" of the Settlement. If the Settlement becomes final, this is the only option that allows you to retain your rights to sue, continue to sue, or be part of another lawsuit against the Defendant and the other Released Parties related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. If you opt-out, you may not make a claim for benefits under the Settlement and will not receive any benefits under the Settlement.<br><br>For more detailed information, *see* **Question 15**. | **[date]** |
| **OBJECT TO THE SETTLEMENT** | If you do not opt out of the Settlement, you may object to the Settlement by writing to explain to the Court why you don't think the Settlement should be approved. If you object, you will remain a Settlement Class Member, and if the Settlement is approved, you will be eligible for the benefits of the Settlement and give up your right to sue, continue to sue, or be part of another lawsuit against the Defendant and the other Released Parties related to the legal claims resolved by this Settlement.<br><br>For more detailed information, *see* **Question 16**. | **[date]** |

**Questions? Call 1-(833)-***-**** Toll-Free or Visit www.[SettlementWebsite].com**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive cash benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant and the other Released Parties related to the legal claims resolved by this Settlement. | No Deadline |

- Your rights and options—**and the deadlines to exercise them—**are explained in this notice.

- The Court in charge of this Action will decide whether to approve the Settlement at the Final Approval Hearing on **[date]**.

3

**Questions? Call 1-(833)-***-**** Toll-Free or Visit www.[SettlementWebsite].com**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ...................................................................................................4
    1.  WHY WAS THIS NOTICE ISSUED? ....................................................................4
    2.  WHAT IS THIS LAWSUIT ABOUT? ...................................................................5
    3.  WHAT IS A CLASS ACTION? ...........................................................................5
    4.  WHY IS THERE A SETTLEMENT? ....................................................................5
WHO IS IN THE SETTLEMENT ..................................................................................5
    5.  WHO IS INCLUDED IN THE SETTLEMENT? ....................................................5
    6.  ARE THERE EXCEPTIONS TO BEING INCLUDED? ...........................................6
THE SETTLEMENT BENEFITS ...................................................................................6
    7.  WHAT DOES THE SETTLEMENT PROVIDE? .....................................................6
    8.  WHAT CLAIMS AM I RELEASING IF I STAY IN THE CLASS? ............................7
SUBMITTING A CLAIM FORM FOR A SETTLEMENT CLASS MEMBER BENEFIT ...................................8
    9.  HOW DO I SUBMIT A CLAIM FOR A SETTLEMENT CLASS MEMBER BENEFIT? .....................8
    10. ARE THERE ANY IMPORTANT SETTLEMENT PAYMENT DEADLINES? ....................8
    11. WHEN WILL THE SETTLEMENT CLASS MEMBER BENEFITS BE ISSUED? ..............9
THE LAWYERS REPRESENTING YOU .......................................................................9
    12. DO I HAVE A LAWYER IN THE CASE? ...........................................................9
    13. SHOULD I GET MY OWN LAWYER? ...............................................................9
    14. HOW WILL CLASS COUNSEL BE PAID? ........................................................9
EXCLUDING YOURSELF FROM THE SETTLEMENT ...................................................9
    15. HOW DO I OPT OUT OF THE SETTLEMENT? ...................................................9
COMMENTING ON OR OBJECTING TO THE SETTLEMENT .......................................10
    16. HOW DO I TELL THE COURT IF I LIKE OR DO NOT LIKE THE SETTLEMENT? ............10
    17. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND OPTING OUT? ...............11
THE COURT'S FINAL APPROVAL HEARING ...........................................................12
    18. WHEN IS THE COURT'S FINAL APPROVAL HEARING? ...............................12
    19. DO I HAVE TO COME TO THE FINAL APPROVAL HEARING? ......................12
IF I DO NOTHING .................................................................................................12
    20. WHAT HAPPENS IF I DO NOTHING AT ALL? ...............................................12
GETTING MORE INFORMATION .............................................................................12
    21. HOW DO I GET MORE INFORMATION? .........................................................12

# Basic Information

## 1. Why was this notice issued?

The United States District Court for Southern District of New York authorized this notice. You have a right to know about the proposed Settlement, and about all of your options, before the Court decides whether to grant Final Approval of the Settlement. This notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is captioned *In re SitusAMC Holdings Corporation Data Breach Litigation*, 1:25-cv-9748 (S.D.N.Y.). The people that filed this lawsuit are called the "Plaintiffs" or "Class Representatives" and the entity they sued, SitusAMC Holdings Corporation, is the "Defendant."

**Questions? Call 1-(833)-<mark>***-****</mark> Toll-Free or Visit www.<mark>[SettlementWebsite]</mark>.com**

## 2. What is this lawsuit about?

On or about November 12, 2025, Defendant discovered that it had been the victim of the Data Incident, which involved the unauthorized access and exfiltration of certain information, including Personal Information, from Defendant's systems. The information impacted varied on an individual-by-individual basis but included information such as names, dates of birth, Social Security or individual taxpayer identification numbers, driver's license numbers, state identification numbers or other government issued identifiers, financial account numbers, medical records, and health insurance policy numbers.

The lawsuit alleges Defendant is responsible for the Data Incident. Plaintiffs allege that Defendant failed to take reasonable steps to safeguard and protect the data that was compromised by the Data Incident. Plaintiffs assert a variety of common law and statutory claims, including claims for negligence, negligence per se, breach of third-party beneficiary contract, unjust enrichment, declaratory and injunctive relief, and for alleged violations of certain consumer protection statutes. Plaintiffs seek to recover actual damages, statutory damages, punitive damages, and attorneys' fees, in addition to equitable relief. Plaintiffs purport to bring these claims on behalf of a nationwide class and a California subclass of individuals whose Personal Information was purportedly compromised by the Data Incident. SitusAMC denies all material allegations in the Complaint and specifically denies that it failed to properly protect any data or Personal Information, had inadequate data security, was unjustly enriched, breached any duty or contract, or violated any state consumer protection statutes or other laws. No court or other judicial entity has made any judgment or other determination of any wrongdoing by Defendant.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Settlement Class" or "Settlement Class Members." One court resolves the lawsuit for all Settlement Class Members, except for those who opt out of the settlement. In this Settlement, the Class Representatives are Joseph Constantino, Linda Rae Maccarone, Lawrence Girard Maccarone, Lorena Claxton, Robert Pak, and David Reisender.

## 4. Why is there a Settlement?

The Court did not decide in favor of either the Plaintiffs or the Defendant. Both sides have agreed to a Settlement to avoid the costs and risks of a trial and related appeals, and to allow the Settlement Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The Court has defined the Settlement Class as: "all persons in the United States who were sent notice of the Data Incident as identified in the Class List."

## 6. Are there exceptions to being included?

Yes. Excluded from the Settlement Class are: (a) Defendant's executive leadership team; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (c) any Settlement Class Member who timely and validly opts out of the Settlement.

If you are not sure whether you are a member of the Settlement Class, you can contact the Settlement Administrator at:

- Email: info@[insert].com
- Call toll free, 24/7: 1-(833)-***-****
- By mail: SitusAMC Data Incident Settlement,
  c/o Settlement Administrator,
  [address]

You may also view the Settlement Agreement at **www.[SettlementWebsite].com**.

# The Settlement Benefits

## 7. What does the Settlement provide?

SitusAMC will establish a Settlement Fund of $5,300,000. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Awards for the Plaintiffs, and Settlement Administration Costs. The net remaining funds will be used to pay for the Settlement Class Member Benefits described below.

As a Settlement Class Member, you automatically received an enrollment code for one year of Credit Monitoring services. In addition to the Credit Monitoring, you may claim (a) reimbursement for Documented Losses, and (b) a Flat Cash payment. California residents may also claim an additional California Statutory Payment. These benefits are described in more detail below.

**CREDIT MONITORING SERVICES.** All Settlement Class Members automatically received an enrollment code for one year of Credit Monitoring. This includes:

- real time monitoring of the Settlement Class Member's credit file at a credit bureau;
- dark web scanning with immediate notification of potential misuse;
- comprehensive public record monitoring;
- identity restoration and recovery services; and
- $1,000,000 identity theft insurance with no deductible.

**CASH PAYMENTS.**

**Cash Payment A – Documented Losses.** If you incurred actual, *documented* out-of-pocket losses as a result of the Data Incident that have not been reimbursed, you may file a claim for this benefit. The maximum amount of this benefit is $5,000.

This benefit covers expenses like:
- unreimbursed charges from banks or credit card companies;

6

- unreimbursed costs to replace your driver's license, Social Security number, or other types of identification;
- unreimbursed costs for credit reports; and
- unreimbursed costs for credit monitoring and identity theft protection first purchased by Settlement Class Members between November 12, 2025 and the Claims Deadline. To receive reimbursement, you must provide (a) proof of purchase, and (b) an affirmative written statement that it was purchased primarily because of the Data Incident and not for other purposes.

Third Party Documentation Required: You must submit third-party documentation, such as receipts, to verify the costs you incurred. You may submit "self-prepared" documents to clarify or support other submitted documentation, but *self-prepared documents by themselves are not sufficient* to file a valid claim.

**Cash Payment B – Flat Cash.** In lieu of or in addition to submitting a claim for Cash Payment A – Documented Losses, you may elect to receive a one-time flat cash payment. You do not have to provide any proof or explanation to claim this payment. The amount of this cash payment is estimated to be $75, but it could be higher or lower depending on, among other things, the number of valid claims submitted.

**California Statutory Payment.** In addition to Cash Payment A – Documented Losses and Cash Payment B – Flat Cash, Settlement Class Members who resided in California between November 12, 2025 and November 22, 2025 may also elect to receive a $50 cash payment, subject to downward *pro-ration* based on the number of valid claims submitted.

The Settlement Administrator will decide if your Claim for these benefits is valid. Only valid Claims will be paid. The deadline to submit a Claim Form is **[CLAIMS DEADLINE]**.

## 8. What claims am I releasing if I stay in the Class?

Unless you opt out of the Settlement, you won't be able to pursue your actionable rights such as filing a lawsuit, continuing to sue, or be part of any other lawsuit against the Defendant or any other Released Parties about any of the legal claims this Settlement resolves.

"Defendant" means SitusAMC Holdings Corporation, the defendant in the Action.

"SitusAMC Persons" means Defendant, and its current and former shareholders, investors, partners, associates, attorneys, officers, employees, directors, divisions, and affiliated and related companies.

"Released Parties" means:

a. All SitusAMC Persons, as well as SitusAMC Persons' respective predecessors, successors, assigns, current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as their directors, officers, members, managers, employees, agents, vendors, investors, insurers, reinsurers, sureties, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, and service providers; and

7

b. All entities and persons, including without limitation current and former clients and customers of the SitusAMC Persons, whose information was compromised, accessed, exfiltrated, or otherwise impacted by the Data Incident, as well as each such entity's and person's respective predecessors, successors, assigns, parents, subsidiaries, divisions, and affiliated companies (whether direct or indirect), and each of their respective directors, officers, members, managers, employees, agents, vendors, insurers, reinsurers, sureties, shareholders, attorneys, advisors, consultants, representatives, partners, joint ventures, contractors, and service providers.  For the avoidance of doubt, the Released Parties include, without limitation: (a) all current and former clients and customers of the SitusAMC Persons that provided information to the SitusAMC Persons that was compromised, accessed, exfiltrated, or otherwise impacted by the Data Incident; and (b) any business associates and/or covered entities that owned or controlled data accessed, compromised, or otherwise impacted by the Data Incident.  The Parties expressly intend that all Released Parties are third-party beneficiaries of the Settlement and are entitled to enforce it fully and directly, including, without limitation, the Settlement's Releases.

The "Release" section of the Settlement Agreement (Section XIII) describes the legal claims that you give up if you remain in the Settlement Class. The entirety of the Release can be found in Section XIII of the Settlement Agreement, available at www.[SettlementWebsite].com.

## Submitting a Claim Form for a Settlement Class Member Benefit

### 9. How do I submit a claim for a Settlement Class Member Benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the website and mail it to the Settlement Administrator at:

SitusAMC Data Incident Settlement
c/o Settlement Administrator
[address]

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free,

1-(833)-***-****, by email info@[insert].com, or by U.S. mail at the address above.

### 10. Are there any important Settlement payment deadlines?

Yes. If you are submitting a Claim Form online, you must do so by **[Claims Deadline]**. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than **[Claims Deadline]**.

8

**Questions? Call 1-(833)-***-**** Toll-Free or Visit www.[SettlementWebsite].com**

## 11. When will the Settlement Class Member Benefits be issued?

The Court will hold a Final Approval Hearing on **[date]** (*see* **Question 18)**. If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed. Settlement Class Member Benefits will be distributed if the Court grants Final Approval, and after any appeals are resolved.

## The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court appointed attorneys Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC to represent you and the Settlement Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve attorneys' fees of up to one-third of the Settlement Fund as set forth in the Settlement Agreement, plus reimbursement of reasonable costs, which will be paid from the Settlement Fund.

Class Counsel will also ask for Service Awards of $2,500 for each Class Representative. Service Awards will be paid from the Settlement Fund.

## Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a request for exclusion or "opting out."

If you exclude yourself or opt out, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement Class Member Benefits if you exclude yourself, but you will keep any rights you may have to sue, continue to sue, or be part of another lawsuit against the Defendant and other Released Parties related to the legal issues in this Action.

The deadline to exclude yourself or opt out from the Settlement is **[Opt-Out Deadline]**.

To be valid, your opt-out request must be in writing and have the following information:

(1) the name of the Action: *In re SitusAMC Holdings Corporation Data Breach Litigation*, Case No. 1:25-cv-9748, United States District Court for the Southern District of New York;

(2) your full name, mailing address, telephone number, and email address (if any);

**Questions? Call 1-(833)-\*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

(3) your personal signature; and

(4) a statement indicating that you want to be excluded from the Settlement.

You may only exclude yourself—not any other person.

You must mail your opt-out request via United States Mail to the Settlement Administrator at:

SitusAMC Data Incident Settlement
ATTN: Exclusion Request
[address]

To be timely, your opt-out request must be postmarked by **[Opt-Out Deadline]** .

**If you do not comply with these procedures and the deadline for exclusion, you will lose any opportunity to exclude yourself from the Settlement, and your rights will be determined in this lawsuit by the Settlement Agreement if it is approved by the Court.**

## Commenting on or Objecting to the Settlement

### 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons why you think the Court should not approve the Settlement. You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**).

Any objection to the Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must include:

a. the name of the Action: *In re SitusAMC Holdings Corporation Data Breach Litigation*, Case No. 1:25-cv-9748, United States District Court for the Southern District of New York;

b. your full name, mailing address, telephone number, and email address (if any);

c. all grounds for the objection, including all citations to legal authority and evidence supporting the objection known to you or your counsel;

d. the number of times that you or your counsel has filed an objection to a class action settlement within the past 5 years, along with the nature of each such objection and the identity of each case, by name, court number, and docket number;

e. the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection;

f. a statement indicating whether the objector intends to appear and/or testify at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and

g. your signature (an attorney's signature is not sufficient).

**Questions? Call 1-(833)-*** -****  Toll-Free or Visit www.[SettlementWebsite].com**

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must either: (a) electronically file your objection in the Action's electronic docket on or before **[Objection Deadline]**; or (b) send your objection via United States Mail, postmarked no later than the Objection Deadline, to: (i) the Clerk of Court; (ii) Class Counsel; (iii) Defendant's Counsel; and (iv) the Settlement Administrator at the addresses below:

| Clerk of Court | Settlement Administrator |
|---|---|
| Clerk of the Court [Court Address] | SitusAMC Settlement Attn: Objections [Address] |
| **Class Counsel** | **Defendant's Counsel** |
| Mariya Weekes Milberg, PLLC 333 S.E. 2nd Ave., Ste. 2000 Miami, FL 33131  Gregory Haroutunian Emery Reddy, PC 600 Stewart Street, Suite 1100 Seattle, WA 98101 | Kristine M. Brown Donald M. Houser Alston & Bird LLP 1201 West Peachtree Street Atlanta, GA 30309 |

To be timely, an objection must be electronically filed on the Court's docket, or if submitted by U.S. mail, postmarked, on or before **[Objection Deadline]**.

If you provide a written objection, you do not need to appear at the Final Approval Hearing, but you may. The Court will consider your written objection regardless of whether you appear at the Final Approval Hearing.  If you wish to be heard orally at the Final Approval Hearing, you must file a timely written objection as set forth above, including a statement that you intend to appear at the Final Approval Hearing.

**If you do not comply with these procedures and the deadline for objections, you may lose any opportunity to have your objection considered at the Final Approval Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the Settlement. You will still be eligible to receive Settlement benefits if the Settlement becomes final even if you object to the Settlement.**

## 17. What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the Settlement. You cannot object to the Settlement if you choose to exclude yourself or opt out from the Settlement. Even if you object, you will remain a Settlement Class Member bound to the terms of the Settlement Agreement.

11

**Questions? Call 1-(833)-*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement and you will not receive any benefits. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## The Court's Final Approval Hearing

### 18. When is the Court's Final Approval Hearing?

The Court will hold a Final Approval Hearing on **[date]** at **[time]**, at the United States District Court for the Southern District of New York, **500 Pearl Street, New York, NY 10007**. You do not have to appear at the Final Approval Hearing.

At the Final Approval Hearing, the Court will decide whether to approve the Settlement. The Court will also decide how Class Counsel should be paid, and whether to award Service Awards to the Class Representatives who brought this Action on behalf of the Class. The Court will also consider any objections to the Settlement.

If you are a Settlement Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost.

The date and time of this hearing may change without further notice. Please check **www.[SettlementWebsite].com** for updates.

### 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. You may also pay your own lawyer to attend, but you do not have to.

## If I Do Nothing

### 20. What happens if I do nothing at all?

If you do nothing, you will not receive a cash benefit from this Settlement.

You will also give up the rights described in **Question 8**.

## Getting More Information

### 21. How do I get more information?

This notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, **www.[SettlementWebsite].com.**

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

**Questions? Call 1-(833)-\*\*\*-\*\*\*\* Toll-Free or Visit www.[SettlementWebsite].com**

- Email: info@[insert].com
- Call toll free, 24/7: 1-(833) ***-****
- By mail: SitusAMC Data Incident Settlement,
  c/o Settlement Administrator
  [address]

You can obtain copies of publicly filed documents by visiting the Settlement Website at **www.[SettlementWebsite].com** or by visiting the office of the Clerk of the Court, **500 Pearl Street, New York, NY 10007.**

**PLEASE DO NOT CALL THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION. YOU SHOULD ONLY CONTACT THE COURT THROUGH A TIMELY-FILED OBJECTION OR MOTION TO INTERVENE**

13

**Questions? Call 1-(833)-***-**** Toll-Free or Visit www.[SettlementWebsite].com**

# EXHIBIT 5

SitusAMC Data Incident Settlement
c/o Settlement Administrator
[address]

**In re SitusAMC Holdings Corporation Data Breach Litigation.**
**Case No. 1:25-cv-9748**
**Southern District of New York**

**IF <u>SITUSAMC HOLDINGS CORPORATION</u> SENT YOU A NOTICE THAT YOUR PERSONAL INFORMATION WAS INVOLVED IN A NOVEMBER 2025 DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO A BENEFIT.**

For more information about the proposed class action settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit www.[insert].com
or call toll-free **1-(833)-***-****

*A court has authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

First-Class Mail
US Postage Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

**Why am I receiving this notice?** A Settlement has been reached with SitusAMC Holdings Corporation ("SitusAMC" or "Defendant") in a class action lawsuit. This class action lawsuit concerned a data security incident that occurred on or about November 12, 2025 (the "Data Incident"), which involved the unauthorized access and exfiltration of certain information, including Personal Information, from Defendant's systems.

SitusAMC denies that it did anything wrong, and the Court has not decided in favor of any party. The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs, disruptions, and uncertainties of continued litigation. A copy of the Settlement Agreement is available at **www.[SettlementWebsite].com.**

**Who is included in the Settlement?** Records indicate that you are included in the Settlement as a Settlement Class Member. The Court has defined the Settlement Class as: "all persons in the United States who were sent notice of the Data Incident as identified in the Class List."

**What are the Settlement benefits?** Defendant will pay $5,300,000 into a Settlement Fund. The Settlement Fund will be used to provide Settlement Class Member Benefits, as well as to pay the costs of notice and administering the Settlement, Class Counsel's attorneys' fees and reasonable costs, and Service Awards to each Class Representative.

As a Settlement Class Member, you are entitled to one year of Credit Monitoring services. Your enrollment code is included on the last page of this notice. In addition, Settlement Class Members may claim the following cash payments: (a) If you incurred actual, documented, out-of-pocket losses, Settlement Class Members may submit a Documented Losses claim for reimbursement up to $5,000; (b) Settlement Class Members may also claim a one-time Flat Cash payment, estimated to be $75.00; and (c) California Settlement Subclass Members may also elect to receive a California Statutory Payment of $50.00. Important: the amount you receive may be lower depending on the number of valid claims submitted. More information about these benefits and the requirements for claiming them may be found at www.[SettlementWebsite].com. If the Settlement is approved, Settlement Class Members will release their claims as explained in full at the Settlement Website.

**How do I receive a benefit?** You must submit a Claim Form. The easiest way to submit a claim is online at **www.[SettlementWebsite].com**. You may also download a Claim Form from the website and mail it to the Settlement Administrator at [**address**]. Claims must be submitted online or postmarked by **[Claims Deadline]**.

**Who represents me?** The Court has appointed attorneys Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC to represent you and the Settlement Class ("Class Counsel"). If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**What if I don't want to participate in the Settlement?** If you file a Claim Form, object to the Settlement, or do nothing, you are choosing to stay in the Settlement. You will be legally bound by all orders of the Court, and you will not be able to start, continue, or be a part of any other lawsuit against Defendant or Released Parties relating to the Data Incident. If you do not want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to pursue any claims against SitusAMC or the other Released Parties relating to the Data Incident. If you exclude yourself, you cannot get any benefits from the Settlement, but you will keep any rights you may have to sue SitusAMC and the other Released

Parties regarding the issues in the lawsuit. If you do not exclude yourself, you may object on your own (pro se) or through a lawyer to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards by **[Objection Deadline]**. Information about how to exclude yourself or object is available on the Settlement Website at **www.[insert].com**.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on **[date]** at **500 Pearl Street, New York, NY 10007**, to consider whether to approve the Settlement. This hearing may be moved to a different location, date, or time without notice to you. The Court will also consider Class Counsel's request for attorneys' fees up to one-third of the Settlement Fund plus reimbursement of reasonable costs, and Service Awards of $2,500 for each of the named Plaintiffs. The Application for Attorneys' Fees, Costs, and Service Awards will be posted on the Settlement Website after it is filed. You and/or your lawyer, if you have one, have the right to appear and speak at the hearing at your own expense, but you do not have to.

PLEASE DO NOT CALL THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION. YOU SHOULD ONLY CONTACT THE COURT THROUGH A TIMELY-FILED OBJECTION OR MOTION TO INTERVENE.

**THIS NOTICE IS ONLY A SUMMARY. VISIT
WWW.[SettlementWebsite].COM
OR SCAN THIS QR CODE FOR COMPLETE
INFORMATION.**



QR Code for Credit
Monitoring

Enrollment Code