**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re SitusAMC Holdings Corporation Data Breach Litigation* | Case No.: 1:25-cv-9748 |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendant SitusAMC Holdings Corporation ("Defendant" and, along with Plaintiffs, the "Parties").

Having carefully considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), that it will likely be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3), and that the proposed plan of notice (the "Notice Program") to the Settlement Class is the best notice practicable under the circumstances and consistent with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2), and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this Action based upon the Settlement,

**IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class.

**PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

3. The Court finds that, subject to the Final Approval Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of a mediator, the Honorable Marc E. Isserles, Esq.; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23; and (d) is not a finding or admission of liability by Defendant.

**PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS**

4. Pursuant to Federal Rules of Civil Procedure Rules 23(a) and 23(b)(3), and for purposes of settlement only, the Court preliminarily certifies the following Settlement Class:

> **All persons in the United States who were sent notice of the Data Incident as identified in the Class List.**

Excluded from the Settlement Class are: (a) Defendant's executive leadership team; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (c) any Settlement Class Member who timely and validly opts out of the Settlement.

5. For purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b)(3), as the prerequisites thereunder have been met, including (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members; (3) that Plaintiffs' claims are typical of the claims of the Settlement Class; (4) that Plaintiffs and their counsel will fairly and adequately protect the interests of the Settlement Class; and (5) that a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

6. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only. Plaintiffs Joseph Constantino, Linda Rae Maccarone, Lawrence Girard Maccarone, Lorena Claxton, Robert Pak, and David Reisender are hereby appointed Class Representatives. The Court finds that the above Plaintiffs are competent and capable of exercising the responsibilities of Class Representatives and that Plaintiffs will adequately protect the interests of the Settlement Class defined above.

7. Pursuant to Federal Rule of Civil Procedure 23(g), Mariya Weekes of Milberg, PLLC and Gregory Haroutunian of Emery Reddy, PC are hereby appointed as Class Counsel. The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Class Counsel will adequately protect the interests of the Settlement Class defined above.

## NOTICE AND ADMINISTRATION

8. The Court appoints Simpluris, Inc., as the Settlement Administrator.

9. The Court directs the Settlement Administrator to perform the functions and duties set forth in the Settlement Agreement—including providing notice to the Settlement Class

(according to the Court-approved Notice Program), processing Claim Forms, and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10. The Court has carefully considered the Notice Program as set forth in the Settlement Agreement. The Court finds that the Notice Program is reasonably calculated to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court finds that the Notice Program constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members. The Court further finds that the Notice Program constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement is necessary in this Action.

11. The Court hereby approves the Notice Program, including the Postcard Notice attached as Exhibit 2 to the Parties letter of June 26, 2026 (Dkt. No. 56), the Long Form Notice attached as Exhibit 4 to that letter, and the Claim Form attached as Exhibit 1 to the Settlement Agreement. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the Settlement Class Member Benefits. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Preliminary Approval Order.

12. The Settlement Administrator shall cause the Notice Program to be executed within the time periods set forth in the Settlement Agreement and below. Class Counsel, prior to the Final Approval Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program. The Settlement Administrator shall maintain the Settlement Website to provide relevant information about the Settlement and allow for the filing of claims online. The Settlement Website shall make available a copy of the Complaint, Settlement Agreement and all Exhibits thereto, Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards (once filed with the Court), and this Preliminary Approval Order. The fee to the Settlement Administrator is capped as set at Dkt. No. 56 absent further order of the Court.

**SUBMISSION OF CLAIMS AND REQUESTS FOR EXCLUSION**

13. Settlement Class Members who wish to receive Settlement Class Member Benefits must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. To be timely, Claim Forms must be postmarked or received by the Settlement Administrator by the Claim Form Deadline, which is 130 days after Preliminary Approval. Should the Court grant Final Approval of the Settlement Agreement, Settlement Class Members who do not submit a timely and valid claim will not receive a payment under the Settlement, but they will be bound by the Settlement, including the Releases therein.

14. The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse and fraud, and to deny claims where there is evidence of abuse or fraud. The Settlement Administrator may reject any claim that is not submitted by a Settlement Class Member; that does not comply in any material respect with the instructions on the Claim Form; or that is submitted after the Claim Form Deadline.

15. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked on or before the Opt-Out Deadline which is 115 days after

Preliminary Approval. The opt-out request must strictly comply with the requirements outlined in the Settlement Agreement and the Long Form Notice.

16. The Notices shall provide that any member of the Settlement Class who wishes to opt out from the Settlement Class must request exclusion in writing. The opt-out request must be personally signed by the Settlement Class Member and contain the name of the Action, the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Mass or class opt outs, or other purported group opt outs signed by an attorney, are not permitted and will not be accepted. To be timely, any opt-out request must be sent via U.S. Mail and postmarked on or before the Opt-Out Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

17. Any Settlement Class member who timely and validly opts out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement and will not release any claims against the Released Parties; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class member who does not timely and validly request to opt out shall be bound by the terms of the Agreement, including the Releases therein.

18. The Settlement Administrator shall promptly provide all Parties with copies of any exclusion requests, and Class Counsel shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

**APPEARANCES AND OBJECTIONS**

19. Any member of the Settlement Class who does not file a timely and valid request for exclusion, but who wishes to object to approval of the proposed Settlement and/or Plaintiffs' Application for Attorneys' Fees, Costs, and Service Awards, must either electronically file in the Action's electronic docket or send by U.S. Mail to the Clerk of Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator, a written statement (along with any supporting papers), that includes: the name of the Action; the Settlement Class Member's name, mailing address, telephone number, and email address (if any); all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; the number of times the Settlement Class Member or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, and the identity of each case, by name, court number, and docket number; a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and the objector's handwritten or electronically imaged written signature. To be timely, an objection must be electronically filed on the Court's docket, or if submitted by U.S. Mail, postmarked, on or before the Objection Deadline, which is 115 days after Preliminary Approval.

20. Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards and, if Final Approval is entered, shall forever be barred and foreclosed from raising such objections in this or any other

proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Approval Order and Judgment or any aspect thereof.

21. A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing.

**MOTION FOR FINAL APPROVAL AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

22. Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives of $2,500.00 each to be paid from the Settlement Fund. The Court will defer ruling on those awards until the Final Approval Hearing when considering the Application for Attorneys' Fees, Costs, and Service Awards.

23. Plaintiffs shall file their Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 95 days after this Preliminary Approval Order. At the Final Approval Hearing, the Court will hear argument in connection with the request for attorneys' fees and costs and Service Awards for the Class Representatives.

**ADDITIONAL PROVISIONS OF THIS PRELIMINARY APPROVAL ORDER**

24. Termination. If the Agreement is terminated, not approved, canceled, fails to

become effective for any reason, or the Effective Date does not occur, this Order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class Members, and Defendant, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

25. Stay. All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

26. Continuing Litigation. Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Agreement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation, including in arbitration, against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Agreement.

27. Jurisdiction. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over these proceedings to ensure the effectuation thereof in accordance with the Agreement preliminarily approved herein and the related orders of this Court.

**FINAL APPROVAL HEARING**

28. The Court will hold a Final Approval Hearing. The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether to enter the Final Approval Order and

Judgment; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

29. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted on the Settlement Website.

30. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

31. Schedule. The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Date** | Within 45 days after Preliminary Approval Order |
| **Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 95 days after Preliminary Approval Order |
| **Deadline to Respond to Objections** | 130 days after Preliminary Approval Order |
| **Opt-Out Deadline** | 115 days after Preliminary Approval Order |
| **Objection Deadline** | 115 days after Preliminary Approval Order |
| **Claims Deadline** | 130 days after Preliminary Approval Order |

| | |
|---|---|
| **Final Approval Hearing** | November 11, 2026 at 10:00 a.m. |

**SO ORDERED** this 29 day of June, 2026.

LEWIS J. LIMAN
UNITED STATES JUDGE